# Vrostyak *v.* Zitko, Appellant.

*Promissory notes—Lost note—Evidence—Lost book of entries—Refreshing memory—Admissions by defendant.*

1. In an action on a lost judgment note, the evidence is sufficient to support a verdict for plaintiff, where plaintiff testifies as to the amount, date, time, rate of interest, and character of the note, and defendant is shown by her declarations to have borrowed the money, and given a note similar to the one described by plaintiff, and in her affidavit of defense admits that she had borrowed the money and given some form of note at the time.

2. In an action for money borrowed, where plaintiff testifies that the book containing the entries of the loan had been lost, he may be permitted to refresh his memory from memoranda subsequently made, where it appears that defendant admitted that she had received the money, but not as a loan.

Argued October 1, 1920.  Appeal, No. 147, Oct. T., 1920, by defendant, from judgment of C. P. Westmoreland Co., May T., 1919, No. 695, on verdict for plaintiff in case of Frank Vrostyak v. Mary Hasso Zitko.  Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ.  Affirmed.

Assumpsit on lost judgment note and for money borrowed.  Before BEACOM, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,694.66.  Defendant appealed.

*Error assigned,* among others, was refusal of judgment for defendant n. o. v., quoting record.

*Lewis C. Walkinshaw* and *Vernon Hazzard,* for appellant.

*Samuel M. Ankney,* with him *Paul S. Barnhart,* for appellee.

PER CURIAM, December 31, 1920:

One of the items making up plaintiff's claim was a judgment note of the defendant, for $2,000, payable to his order on or about October 29, 1919, which he averred was lost, mislaid or destroyed.  A verdict was returned in his favor, and, on this appeal by the defendant from the judgment entered on it, her main complaint is of the insufficiency of the testimony in support of the contents of the lost note.  That it was amply sufficient, and that the learned trial judge correctly so instructed the jury, cannot be questioned.  The plaintiff testified that the defendant had borrowed $2,000 from him, and, as security for the same, had given him her judgment note for that amount; that it was dated October 29, 1918, and payable one year from date, with interest at the rate of six per cent.  A reputable member of the bar, in corroborat-

ing him, testified that at his instance he had filled out a blank judgment note in accordance with a date furnished by the plaintiff and had taken it to the defendant, with the explanation that the original note had been lost; that he requested her to sign the paper; that she admitted she had borrowed the money and had signed a note similar to the one exhibited to her, and declined to sign the note for the sole reason that she expected to pay the money back very soon and it was not necessary to sign a new note. In addition to this, the defendant admitted in her affidavit of defense that she had borrowed $2,000 from the plaintiff on the date named and had given him a judgment note or some other form of note at the time. The second item for which the plaintiff sued was the sum of $470.71, for moneys lent to the defendant. The book in which he made the entries at the time each loan was made was lost, and appellant complains that the trial judge permitted plaintiff to refresh his memory from memoranda which he subsequently made. This objection cannot be considered, in view of the fact that the defendant admitted that she had received the money, but not as a loan. This question was submitted to the jury with instructions that if they believed the defendant's testimony plaintiff could not recover the $470.71. They returned a verdict for this amount also.

The assignments of error are overruled and the judgment is affirmed.